UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRACEY GIESKEN,

        Plaintiff,

                                          Case Number 06-14901-BC

v.                                          Honorable Thomas L. Ludington

DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.
_____ /

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff Tracy Giesken filed a complaint alleging a violation of the Family and Medical Leave Act (FMLA), 5 U.S.C. §§ 6831 *et seq.*; 29 U.S.C. §§ 2611 *et seq.*, after the allegedly wrongful termination of her employment at Defendant Department of Veterans Affairs.

According to her complaint, she worked for Defendant for some time, eventually working as a personal assistant in the human resources department in 2003. After a leave of absence, she states that she returned to work in June 2004, although in a part-time position for 1.5 years. Plaintiff claims that her supervisor subsequently required her to work full-time. Plaintiff claims that her doctor directed that she not work from September 21, 2005 to October 4, 2005. She alleges that she then requested additional leave, using those same procedures, from October 3, 2005 to October 17, 2005. Then, she claims that, on October 17, 2005, she submitted a request for leave under the FMLA, based on the directive of two doctors that she be off work until January 9, 2006. Plaintiff's employment was terminated on December 2, 2005.

Plaintiff filed a complaint, alleging that her supervisor's initiation of a proposal to remove her and Defendant's adoption of that proposal constituted an interference with Plaintiff's rights

under the FMLA and a retaliation for asserting her rights under that act. Defendant filed a motion to dismiss. Plaintiff subsequently filed a motion for leave to amend her complaint.[1] If permitted to do so, she would plead a violation of due process under the Fifth Amendment against Defendant for failing to afford her her rights under the FMLA and a violation of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, for failing to reinstate Plaintiff to her position as required by the FMLA.

The FMLA provides a private right of action for private employees and some federal employees, (Title I employees) but does not provide a private right of action for federal employees with more than twelve months of service (Title II employees). *See* 29 U.S.C. § 2617(a)(2);[2] 5 U.S.C. § 6381-6387; *see also* 29 U.S.C. § 2611(2)(B);[3] 5 U.S.C. § 6381;[4] *Mitchell v. Chapman*, 343 F.3d 811, 826 (6th Cir. 2003) (stating that the FMLA limits a private right of action to "eligible employees"). At oral argument, Plaintiff's counsel acknowledged that Plaintiff was a Title II employee. Notwithstanding Plaintiff's interest in availing herself of the protections of the FMLA,

---

[1]Based on the caption, Plaintiff also appears to seek to add additional defendants: the United States of America, Patricia Dennis, and Daniel D. Hendee.

[2]29 U.S.C. § 2617(a)(2) provides:
Right of action. An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of--
(A) the employees; or
(B) the employees and other employees similarly situated.

[3]29 U.S.C. § 2611(2)(B)(i) provides, "The term 'eligible employee' does not include . . . any Federal officer or employee covered under [5 U.S.C. § 6381 *et seq.*]"

[4]5 U.S.C. § 6381(1) provides, "[T]he term 'employee' means any individual who . . . (A) is an 'employee', as defined by [5 U.S.C. § 6301(2)] . . . and (B) has completed at least 12 months of service as an employee (within the meaning of subparagraph (A)) . . . ."

the FMLA does not provide a private right of action to Title II employees.  Accordingly, Plaintiff's complaint, alleging a single claim of a violation of the FMLA, does not state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b).

Regarding Plaintiff's motion for leave to amend her complaint, Federal Rule of Civil Procedure 15 does require courts to grant motions for leave to amend liberally, when justice so requires.  Yet "[a] district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile."  *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (citation omitted).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citation omitted).

As correctly argued by Defendant, "[t]he [Civil Service Reform Act (CSRA), Pub. L. No. 95-454; 92 Stat. 1111 *et seq*.,] established a comprehensive system for reviewing personnel action taken against federal employees."  *United States v. Fausto*, 484 U.S. 439, 445 (1988).  There, the Supreme Court declined to permit a federal employee to seek a remedy under another federal statute.  *Id*.; *see also Jones v. Tennessee Valley Authority*, 948 F.2d 258, 262-264 (6th Cir. 1991) (declining to create a *Bivens* action for an alleged Fifth Amendment violation, based on claims arising from federal employment, because of the existence of the CSRA); *Leistiko v. Stone*, 134 F.3d 817, 820 (6th Cir. 1998) (stating, in dicta, that a federal employee's claim of a Fifth Amendment violation was not viable in light of the CSRA); *Johnson v. United States*, 101 F.3d 702, *4 (6th Cir. 1996) (unpublished) (holding that claims under the FTCA regarding "adverse personnel actions such as warnings [and] suspensions" were preempted by the comprehensive scheme of the CSRA).  Thus,

courts generally do not permit a federal employee who falls within the scope of the CSRA to pursue a claim, based on allegedly adverse federal employment actions, outside of the CSRA.

Plaintiff's proposed claims under the Fifth Amendment or the FTCA derive from her assertion (1) that she has rights under the FMLA and (2) that those rights were either violated in disregard of due process or negligently injured. Given the foregoing discussion that the CSRA serves to preempt certain federal employees' employment-related claims, Plaintiff has not overcome that bar. Accordingly, permitting Plaintiff to amend her complaint would be futile, because her proposed amended complaint would not withstand a motion to dismiss.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [dkt #7] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for leave to amend [dkt #12] is **DENIED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 2, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 2, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS